## OUTHWAITE v. RODGERS.

1. EASEMENTS—JOINT STAIRWAY—ADVERSE USER—PARTITION.
    Where plaintiff's and defendants' predecessors in title to a city business lot, owning respectively the west one-third and the east two-thirds, erected a building thereon jointly under a written contract which provided for a joint stairway[9] for their common use, one-half to be on each, even if said contract gave no rights to the use of the land for stairway purposes to defendants, they, by their use of the stairway for 30 years without protest, have obtained an easement therein of which they could not be deprived under color of partition proceedings.

On acquisition of easement or passage by use and severance, see notes in 26 L. R. A. (N. S.) 346; L. R. A. 1915C, 349.

2. Sᴀᴍᴇ—Jᴏɪɴᴛ Usᴇ ᴏғ Wᴀᴛᴇʀ Pɪᴘᴇs—Cᴏɴᴛɪɴᴜɪɴɢ Usᴇ—Cᴏɴ-
ᴛʀᴀᴄᴛs—Cᴏɴsᴛʀᴜᴄᴛɪᴏɴ—Pʀᴀᴄᴛɪᴄᴀʟ Cᴏɴsᴛʀᴜᴄᴛɪᴏɴ.

> Where said contract also provided for toilet rooms and
> other conveniences for common use, plaintiff's predeces-
> sor paying one-third, and defendants' predecessor. two-
> thirds of the cost of the pipe and the installation thereof,
> and for over 30 years they had been used in common,
> defendants' contention that said contract was but a build-
> ing contract, and that they had a right to cut off the water
> from plaintiff's part of the building because the water
> pipes were laid on their land, *held*, too narrow a con-
> struction, and negatived by the practical construction
> given to it by the parties thereto and their successors
> in title for over 30 years that it provided not only for·
> the construction· of said building, but also for its con-
> tinuing use, which construction will not be disturbed by
> the courts.

Appeal from Muskegon; Vanderwerp (John), J.
Submitted April 8, 1921. (Docket No. 52.) Decided
June 6, 1921.

Bill by Blanche C. Outhwaite against Lincoln Rodgers
and others to enjoin an interference with plaintiff's
water rights in a certain building and for a partition
of said building. From the decree rendered, both
parties appeal. Affirmed.

*Carpenter & Jackson,* for plaintiff.

*Simpson & Gale,* for defendants.

Fᴇʟʟᴏᴡs, J. In 1887 plaintiff's predecessor in title
was the owner of the west one-third and defendants'
predecessor in title the owner of the east two-thirds of
lot 2, block 69, of the city of Muskegon. The lot is locat-
ed on Western avenue in the business section of the city.
On May 19, 1887, the then owners of the lot being
desirous "jointly to erect a three-story brick block or
building on their said premises" entered into a written
contract of some length to which was attached a
schedule of specifications also of considerable length.

The details of this contract and specifications need not be entered into except as they may become necessary. The building was erected by defendants' predecessor, covering the entire lot and plaintiff's predecessor paid him for his portion of it $5,100. There was a stairway between the two properties, one-half on each of them; there was a skylight, toilet rooms and other conveniences designed for common use. The city water was taken into the building on the premises of defendants' predecessor and connected with those of plaintiff's predecessor. For over 30 years the parties and their predecessors in title used the stairway and conveniences in common. Friction then arose and the defendants threatened to cut off plaintiff's water supply. Thereupon this bill was filed seeking injunctive relief and a partition of the premises occupied by the stairway. The injunctive relief was granted and the partition was refused. Both parties appeal.

Plaintiff's Appeal. Plaintiff appeals from that portion of the decree which denies partition of the lands upon which the stairway rests. The trial judge was of opinion that defendants had acquired prescriptive rights to the use of the stairway by adverse possession and that the case was controlled by *First National Bank* v. *Vanden Brooks*, 204 Mich. 164. An examination of the contract and specifications is quite persuasive that the parties contemplated the erection and maintenance so long as the building remained of the stairway for their common use. But if we assume (and this is the most favorable position to plaintiff that may be assumed) that the contract gave defendants no right to the use of the land for stairway purposes, we are then confronted with the undisputed fact that for over 30 years defendants have used this stairway without protest. The case cited is controlling. In the recent case of *St. Cecelia Society* v. *Universal Car & Service Co.*, 213 Mich. 569, where the

question of a prescriptive right to an easement was involved we said, speaking through Mr. Justice STONE:

"The elements necessary to give rise to a prescriptive right are the same as those of title by adverse possession, with the exception that it does not have to be exclusive."

The instant case, so far as this question is involved, is so like the case of *First National Bank* v. *Vanden Brooks, supra,* that we do not deem it necessary to discuss it further than to say that defendants may not be deprived of this easement under color of partition proceedings.

Defendants' Appeal. Defendants appeal from that portion of the decree which restrains them from interfering with plaintiff's water supply and with the sewers and drains. These were expressly provided for in the contract. But defendants contend that this was but a building contract. We think it was something more than a building contract. If defendants are correct in their contention their predecessor could have cut off the water supply the day after the building was erected although plaintiff's predecessor in title had paid one-third the cost of installing the pipes. Such a construction is too narrow; we can not follow it. The parties were then providing not only for the erection of the building but also for its future use. For over 30 years they and their successors in title have given this contract a practical construction. We think their construction a proper one; we are not inclined to disturb it.

The decree must be affirmed. In the trial court plaintiff was given but part of the relief she asked and was awarded costs. We see no occasion to disturb this award. In this court, both parties having appealed, no costs will be awarded.

STEERE, C. J., and MOORE, WIEST, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.